UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARRIN HALL,** *on behalf of himself and others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>**LIBERTY UNIVERSITY, INC.,**<br><br>Defendant. | Case No. 1:25-cv-12388<br><br>JUDGE: MARY M. ROWLAND |

### DEFENDANT LIBERTY UNIVERSITY, INC.'S
### ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Liberty University, Inc. ("Liberty"), through counsel, hereby answers, paragraph by paragraph, Plaintiff Darrin Hall's Class Action Complaint (ECF No. 1) ("Complaint") filed October 9, 2025.

### INTRODUCTION

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." Barr v. Am. Ass'n of Political Consultants, 140 S. Ct. 2335, 2343 (2020).

**ANSWER: The allegations contained in this paragraph call for legal conclusions, are not a complete recitation of the applicable legal regime, and are not directed at Liberty. Therefore, no response is necessary, but to the extent a response is deemed required, denied.**

2. The Plaintiff alleges that Liberty University ("Defendant") made unsolicited pre-recorded telemarketing calls to his cellular telephone number as well as those of putative class members.

**ANSWER:** **Denied.**

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

**ANSWER:** **The allegations contained in this paragraph of the Complaint call for legal conclusions to which no response is necessary, but to the extent a response is deemed required, Liberty admits that Plaintiff's claims are asserted under a federal statute, the TCPA, but denies that Plaintiff is entitled to any relief under the statute.**

4. This Court has jurisdiction over Liberty University because Liberty University (1) made the telemarketing calls at issue from this District, (2) conducts business transactions in this District.

**ANSWER:** **Liberty denies the factual allegations and legal conclusions asserted in this paragraph of the Complaint.**

5. Venue is proper in this District because the calls were directed into this District.

**ANSWER:** **Liberty lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies them.**

## PARTIES

6. Plaintiff Darrin Hall ("Mr. Hall") is, and at all times mentioned herein was, a citizen and resident of the Northern District of Illinois.

**ANSWER:** **Liberty lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies them.**

7. Mr. Hall is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

**ANSWER:** **The allegations contained in this paragraph of the Complaint call for legal conclusions to which no response is necessary, but to the extent a response is deemed required, denied.**

8. Defendant Liberty University. is a Virginia corporation that makes telemarketing calls into this District.

**ANSWER:** **The allegations contained in this paragraph of the Complaint call for legal conclusions to which no response is necessary, but to the extent a response is deemed required, Liberty admits that it is and was, at all relevant times, a nonprofit corporation organized under the laws of Virginia and denies the remaining allegations in this paragraph.**

## TCPA BACKGROUND

9. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[,]" and found that federal legislation was needed because "telemarketers [could] evade [state-law] prohibitions through interstate operations.'" *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) (citations omitted).

**ANSWER:** **The allegations contained in this paragraph of the Complaint call for legal conclusions and are not a complete recitation of the applicable legal regime. Therefore, no response is necessary. To the extent a response is deemed required, Liberty states that the statute and case law speak for themselves.**

10. The TCPA regulates, among other things, the use of a pre-recorded message to make calls or send pre-recorded calls. *See* 47 U.S.C. § 227, *et seq.*; *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

**ANSWER: The allegations contained in this paragraph of the Complaint call for legal conclusions and are not a complete recitation of the applicable legal regime. Therefore, no response is necessary. To the extent a response is deemed required, Liberty states that the statutes and regulations speak for themselves.**

11. Specifically, the TCPA prohibits the use of a pre-recorded message to a wireless number in the absence of an emergency or the prior express written consent of the called party. *See* 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(2); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1831 (F.C.C. 2012).

**ANSWER: The allegations contained in this paragraph of the Complaint call for legal conclusions and are not a complete recitation of the applicable legal regime. Therefore, no response is necessary. To the extent a response is deemed required, Liberty states that the statutes and regulations speak for themselves.**

12. "[T]elemarketing means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(12).

**ANSWER: The allegations contained in this paragraph of the Complaint call for legal conclusions to which no response is necessary, but to the extent a response is deemed required, Liberty states that the statutes and regulations speak for themselves.**

13. "[P]rior express written consent means an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8).

**ANSWER: In response to this paragraph, Liberty states that the cited regulation speaks for itself and does not apply as a matter of law because Liberty is and was, at all relevant times, a tax-exempt nonprofit organization.**

## PLAINTIFF HALL'S ALLEGATIONS

14. Plaintiff's telephone number is (708) 340-XXXX.

**ANSWER: Liberty lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies them.**

15. That number is assigned to a cellular telephone service.

**ANSWER: Liberty lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies them.**

16. The Plaintiff never consented to receive telemarketing calls from Defendant.

**ANSWER: Denied.**

17. Plaintiff never requested information from Defendant or any other institution of higher learning.

**ANSWER: Denied.**

18. The Plaintiff never enrolled in any academic activities with Defendant.

5

**ANSWER: Liberty lacks knowledge or information sufficient to form a belief about what Plaintiff may mean by "academic activities," and thus denies the allegations in this paragraph of the Complaint.**

19. Despite that, Defendant made pre-recorded telemarketing calls to the Plaintiff multiple times during October of 2021 to March, 2022.

**ANSWER: Liberty denies making any prerecorded calls to Plaintiff's telephone number without prior express consent to do so.**

20. The calls left the following pre-recorded messages:

Hi, this is Mark calling from Liberty University. We see that you are interested in pursuing an online degree, and we know that one of our exciting programs would be a good fit for you. If you would like to speak to an admissions consultant, call us at 855-466-9215, or visit us at Luonline.com

Hi… This is Drew calling from Liberty University about a $50 waiver to kick off spring classes. When you submit your remaining admission requirements and are accepted, we'll waive your $50 application fee. To talk with an admissions counselor call 800-424-95…95 at your earliest convenience, again, that's 800-424-95…95.

Hello, this is Landon calling from Liberty University to let you know we are currently waiving application fees… When you apply today and are accepted, we'll waive your application fee, saving you $50. To speak with an admissions counselor about completing your application…, call 800-424-9595. Again, that's 800-424-9595.

Hi, this is Bill calling from Liberty University about an opportunity to receive a $50 waiver. When you apply and are accepted, we'll waive your $50 application fee… To talk with an admissions counselor, call 800-424-9595 at your earliest convenience. Again, that's 800-424-9595.

Hi, this is Hannah calling from Liberty University about an opportunity to receive a $50 waiver. When you apply and are accepted, we'll waive your $50 application fee. To talk with an admissions counselor, call 800-424-9595 at your earliest convenience. Again, that's 800-424-9595.

Hello, this is Christian calling from Liberty University, calling to let you know we're waiving fees and discounting tuition costs. Apply to be accepted by April

13th to have your $50 application fee waived. When you register and complete financial check in for at least 6 credit hours for the summer semester, you'll pay the low and full time tuition rate, without having to study full time… And if you do decide to go full time, we'll also waive your $249 technology fee, to learn more check your email, or call and admission counselor at 800-424-9595. Again that's 800-424-9595

**ANSWER:** **Liberty lacks knowledge or information sufficient to form a belief about the calls Plaintiff purports to quote in this paragraph, and therefore denies the allegations in this paragraph; its investigation is ongoing.**

21. The calls are clearly pre-recorded because (a) the voices sounded like a robot (b) there were multiple delays in the messages while being played (c) the messages were substantively similar and identical in tone and (d) the messages contained no personalization.

**ANSWER:** **Liberty lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies them.**

22. The Plaintiff and putative class members were harmed by these unwanted calls.

**ANSWER:** **The allegations contained in this paragraph of the Complaint call for legal conclusions to which no response is necessary, but to the extent a response is deemed required, denied.**

CLASS ACTION ALLEGATIONS

23. As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of classes of all other persons or entities similarly situated throughout the United States.

**ANSWER:** **The allegations contained in this paragraph of the Complaint call for legal conclusions to which no response is necessary, but to the extent a response is deemed required, denied.**

24. The class of persons Plaintiff propose to represent is tentatively defined as:

7

> **TCPA Pre-recorded Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant, or an agent calling on behalf of the Defendant, called on their cellular telephone number (2) using the same or a substantially similar artificial or pre-recorded voice message used to call Plaintiff

This is referred to as the "Class".

**ANSWER:** **The allegations contained in this paragraph of the Complaint call for legal conclusions to which no response is necessary, but to the extent a response is deemed required, denied.**

25. Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant' agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

**ANSWER:** **The allegations contained in this paragraph of the Complaint call for legal conclusions to which no response is necessary, but to the extent a response is deemed required, denied.**

26. The Class as defined above are identifiable through phone records and phone number databases.

**ANSWER:** **Denied.**

27. The potential members of the Class likely number at least in the thousands.

**ANSWER:** **The allegations contained in this paragraph of the Complaint call for legal conclusions to which no response is necessary, but to the extent a response is deemed required, denied.**

28. Individual joinder of these persons is impracticable.

8

**ANSWER:** **The allegations contained in this paragraph of the Complaint call for legal conclusions to which no response is necessary, but to the extent a response is deemed required, denied.**

29. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

    (a)    whether Defendant systematically made pre-recorded calls to class members;
    (b)    whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;
    (c)    whether Defendant's conduct constitutes a violation of the TCPA; and
    (d)    whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

**ANSWER:** **The allegations contained in this paragraph of the Complaint call for legal conclusions to which no response is necessary, but to the extent a response is deemed required, denied.**

30. Plaintiff's claims are typical of the claims of members of the Class.

**ANSWER:** **The allegations contained in this paragraph of the Complaint call for legal conclusions to which no response is necessary, but to the extent a response is deemed required, denied.**

31. Plaintiff are an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he will be represented by counsel skilled and experienced in class actions, including TCPA class actions.

**ANSWER:** **The allegations contained in this paragraph of the Complaint call for legal conclusions to which no response is necessary, but to the extent a response is deemed required, denied.**

32. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

**ANSWER: The allegations contained in this paragraph of the Complaint call for legal conclusions to which no response is necessary, but to the extent a response is deemed required, denied.**

33. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**ANSWER: The allegations contained in this paragraph of the Complaint call for legal conclusions to which no response is necessary, but to the extent a response is deemed required, denied.**

## FIRST CAUSE OF ACTION

34. Plaintiff repeat the prior allegations of this Complaint and incorporates them by reference herein.

**ANSWER: Liberty incorporates its responses to the allegations of the foregoing paragraphs as if fully set forth here.**

35. Defendant and/or its agents transmitted unwanted telephone calls to Plaintiff and the other members of the TCPA Pre-recorded No Consent Class using a pre-recorded voice message.

**ANSWER: Liberty denies the factual allegations in this paragraph, and denies the legal conclusion that a fail-safe "No Consent" class would be certifiable.**

36. These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff and the other members of the TCPA Pre-recorded Class

**ANSWER: Liberty denies the factual allegations in his paragraph, and denies the legal conclusion that the "prior express written consent" construct applies to tax-exempt nonprofit organizations like Liberty.**

37. The Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the TCPA Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

**ANSWER: The allegations contained in this paragraph of the Complaint call for legal conclusions to which no response is necessary, but to the extent a response is deemed required, denied.**

### PRAYER FOR RELIEF

Liberty denies that Plaintiff is entitled to any relief from it.

### GENERAL DENIAL

All allegations set forth in the Complaint not specifically admitted above are denied.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff fails to state a claim against Liberty upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims and/or the claims of putative class members, are barred, in whole or in part, by the applicable statute of limitations.

### THIRD DEFENSE

Plaintiff and some or all of the members of the purported class lack standing to bring this lawsuit.

## FOURTH DEFENSE

This Court lacks jurisdiction over non-resident putative class members.

## FIFTH DEFENSE

Liberty has not willfully or knowingly violated any provision, subsection, or regulation under the Telephone Consumer Protection Act, 47 U.S.C. § 227 or 47 C.F.R. §64.1200(a), and, therefore, Plaintiff is not entitled to treble damages.

## SIXTH DEFENSE

Plaintiff's claims and/or the claims of putative class members, are barred, in whole or in part, or limited by their failure to mitigate their alleged damages.

## SEVENTH DEFENSE

Liberty asserts that this action is not appropriate for class certification under Fed. R. Civ. P. 23. Liberty further states that Plaintiff is not typical of the putative class and is not qualified to represent any such class.

## EIGHTH DEFENSE

Plaintiff's claims and/or the claims of putative class members are barred, in whole or in part, by the doctrines of estoppel, unclean hands, waiver, consent, and other equitable limitations.

## NINTH DEFENSE

Plaintiff's claims and the claims of the putative class members are barred to the extent that Plaintiff and some or all of the members of the putative class gave consent to any acts alleged in the Complaint and did not revoke such consent.

### TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the acts and omissions, if any, were expressly consented to by the intended recipient of the telephone calls about which Plaintiff complains.

### ELEVENTH DEFENSE

Plaintiffs' claims are pre-empted by the dormant Commerce Cause.

### TWELFTH DEFENSE

Individualized issues of consent preclude class certification.

### THIRTEENTH DEFENSE

Plaintiff has failed to plead any ascertainable class.

### FOURTEENTH DEFENSE

No action of Liberty was a substantial factor in bringing about the damages alleged, nor was any act or omission of Liberty a contributing factor. Any alleged acts or omissions of Liberty were superseded by the acts or omissions of others named or not named in the Complaint, which actions were independent, intervening and proximate cause of damage or loss allegedly sustained by Plaintiff or the putative class.

### FIFTEENTH DEFENSE

Plaintiff's claims are barred by any other matter constituting an avoidance or defense on legal or equitable grounds.

### SIXTEENTH DEFENSE

An award of statutory damages violates the Due Process Clause of the United States Constitution.

**SEVENTEENTH DEFENSE**

Plaintiff's claims and/or the claims of the putative class, to the extent based on 47 C.F.R. § 64.1200 and/or other regulations, are barred and/or limited because the regulations are contrary to statute and are not entitled to deference.

**EIGHTEENTH DEFENSE**

Plaintiff's claims and/or the claims of the putative class are barred and/or limited because Liberty was, at all times relevant, a tax-exempt nonprofit organization.

**NINETEENTH DEFENSE**

Liberty reserves the right to assert additional defenses in the event that discovery establishes a factual or legal basis for additional defenses. Liberty also reserves the right to assert additional defenses applicable to Plaintiff's class action claims and allegations. The mere assertion of a defense herein is not a concession that Liberty bears the burden of proof as to that defense.

**CONCLUSION AND PRAYER FOR RELIEF**

WHEREFORE, having fully answered Plaintiff's Class Action Complaint, Liberty denies that Plaintiff and any members of the purported class are entitled to any relief whatsoever, and respectfully requests that the Court enter an Order denying Plaintiff's claims, denying class certification of the alleged class, dismissing the Class Action Complaint with prejudice, with costs assessed against Plaintiff, and award such other and further relief as the Court deems just and appropriate.

## JURY DEMAND

Defendant requests a trial by jury.

Dated: December 15, 2025

Respectfully submitted,

LIBERTY UNIVERSITY, INC.

By Counsel

/s/ *Karen S. Hockstad*
Karen S. Hockstad (0061308)
Dinsmore & Shohl, LLP
191 W. Nationwide Blvd., Suite 200
Columbus, Ohio 43215
P: (614) 628-6980
F: (614) 628-6890
Karen.hockstad@dinsmore.com

**CERTIFICATE OF SERVICE**

   I hereby certify that a copy of the foregoing was served upon all attorneys of record by electronically filing the same via the ECF system and email to Plaintiff's counsel on this 15th day of December, 2026.

Francisco Fernandez Del Castillo
Del Castillo Law Group, LLC
11 E. Adams Street, #1401
Chicago, IL 60603
francisco@delcastillolawgroup.com

Anthony Paronich (678437)
Paronich Law
350 Lincoln Street, Suite 2400
Hingham, MA 02043
anthony@paronichlaw.com

*Attorneys for Plaintiff*

                Respectfully submitted,

                */s/ Karen S. Hockstad*
                  Karen S. Hockstad (0061308 OH)