IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DARRIN HALL, on behalf of himself and others similarly situated, | : : | CIVIL ACTION FILE NO. 25-cv-12388 |
| Plaintiff, | : : : | Hon. Mary M. Rowland |
| v. | : : | |
| LIBERTY UNIVERSITY, INC., | : : | |
| Defendant. | : : | |

## INITIAL STATUS REPORT

Plaintiff Darrin Hall (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated and Liberty University, Inc. ("Liberty University") submit the attached report.

1. **The Nature of the Case:**

    A. **Identify (names and contact information) for all attorneys of record for each party, including the lead trial attorney.**

   Plaintiff:
   Anthony I. Paronich
   Paronich Law, P.C.
   350 Lincoln Street, Suite 2400
   Hingham, MA 02043
   (508) 221-1510
   anthony@paronichlaw.com

   DEL CASTILLO LAW GROUP, LLC
   11 E Adams Street #1401
   Chicago, IL 60603
   francisco@delcastillolawgroup.com

   Defendant:
   Karen S. Hockstad

Dinsmore & Shohl, LLP
191 W. Nationwide Blvd., Suite 200
Columbus, Ohio 43215
(614) 628-6930
karen.hockstad@dinsmore.com

B. **State the basis for federal jurisdiction.**

This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

Defendant does not concede jurisdiction is appropriate for non-resident putative class members.

C. **Briefly describe the nature of the claims asserted in the complaint and any counterclaims and/or third-party claims.**

The Plaintiff bring this action to enforce the consumer-privacy provisions of the TCPA alleging that Liberty University, Inc. ("Liberty University"), a tax-exempt organization, violated the TCPA by purportedly sending pre-recorded messages to Plaintiff and other putative class members without their written consent.

D. **Describe the Relief Sought by the plaintiff(s)**

The Plaintiff is seeking to represent the following classes:

> **TCPA Pre-recorded Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant, or an agent calling on behalf of the Defendant, called on their cellular telephone number (2) using the same or a substantially similar artificial or pre-recorded voice message used to call Plaintiff

Plaintiff's calculations of damages will depend on information received in discovery, including the number of calls made. Specifically, Plaintiff is entitled to an award of $500 in statutory

damages for each violation of the statute. Statutory damages under the TCPA may be trebled if the Court, in its discretion, deems that a defendant "willfully or knowingly" violated the TCPA. Defendant states that Plaintiff's is not entitled to any damages at all because Plaintiff consented to receive calls – including autodialed calls and pre-recorded calls, and never revoked that consent; damages are limited in any event because Liberty University is a tax-exempt non-profit organization, and Plaintiff cannot receive compensation as the class representative because of his consent and failure to revoke.

    E.    **Briefly identify the major legal and factual issues in the case.**

- Whether the calling conduct alleged is appropriate for class certification pursuant to Fed. R. Civ. P. 23(b)(2) and/or (b)(3);
- Whether the Defendant's conduct was "knowing or willful";
- Whether calls were made with consent; and
- Whether the alleged calls at issue are telemarketing
- Whether Plaintiff has standing to pursue claims;
- Whether Plaintiff is an appropriate class representative;
- Whether jurisdiction exists over non-resident putative class members;

    F.    **List the names of any parties who have not been served.**

None

2.    **Discovery and Pending Motions**

    A.    **Describe the general type of discovery needed**

        i.    Plaintiff

Plaintiff will seek discovery on the following subjects: (1) Defendant's and/or third-party call data regarding Plaintiff and the class; (2) identification of class members; (3) Defendant's policies and procedures regarding compliance with the TCPA; (4) Defendant's affirmative defenses, such as safe harbor, consent, and established business relationship; (5) Defendant's negligence or willfulness regarding TCPA violations; (6) Defendant's document retention policies; (7) identification of witnesses; and (8) Defendant's relationship with any third parties that may have relevant information surrounding this matter.

B. **Provide dates for: (1) Rule 26(a)(1) disclosures; (2) issuing the first set of written discovery requests; (3) fact discovery completion.**

**Plaintiff Proposal:**

| EVENT | PROPOSAL |
|---|---|
| Initial Disclosures | January 28, 2026 |
| Deadline to Issue the first set of written discovery requests | March 15, 2026 |
| Fact Discovery Completion | August 17, 2026 |

**Defendant Proposal:**

| EVENT | PROPOSAL |
|---|---|
| Initial Disclosures | January 28, 2026 |

4

| | |
|---|---|
| Issuing the first set of written discovery requests excluding class discovery | March 15, 2026 |
| Non-Class Discovery Completion | June 15, 2026 |
| Plaintiff and Defendant to Exchange Expert Reports | August 1, 2026 |
| Dispositive Motions Deadline | October 1, 2026 |
| Class Discovery to begin | Ten days following the Court's ruling on dispositive motions |

    C.  **At this time, do the parties anticipate there will be expert discovery?**

        Yes.

    D.  **Briefly describe any currently pending motions or anticipated motions.**

        After sufficient discovery, the Plaintiff intends to file a motion for class certification. The Plaintiff intends to oppose the motion to bifurcate discovery.

        Defendants disagree with the need for class discovery at this time. Defendant intends to move to bifurcate discovery.

    E.  **State whether the parties agree to service of pleadings and other papers by electronic means under Federal Rule of Civil Procedure 5(b)(2)(E).**

        Yes.

3.    **Trial**

    A.  **State whether there has been a jury demand.**

        Yes.

B. **Provide the date by which the parties anticipate being ready for trial.**

Summer of 2027 should a class be certified

C. **Estimate the Length of Trial**

4-5 days.

4. **Consent and Settlement Discussions:**

A. **The court strongly encourages parties to consent to the jurisdiction of the Magistrate Judge. State whether all parties unanimously consent to proceed before the Magistrate Judge.**

The parties do not unanimously consent.

B. **State whether any settlement discussions have occurred and the status of any settlement discussions.**

Discussions have occurred but discovery is necessary before any further settlement discussions can occur.

C. **Whether the parties request a settlement conference.**

The parties do not request a settlement conference as discovery as to the size of the putative class is required.

PLAINTIFF,
By his attorneys

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

6

By: <u>/s/*Karen S. Hockstad*</u>
    Karen S. Hockstad (OH 0061308)
    Dinsmore & Shohl, LLP
    191 W. Nationwide Blvd., Suite 200
    Columbus, Ohio 43215
    (614) 628-6930
    karen.hockstad@dinsmore.com
    Attorneys for Defendant, Liberty University

Dated: January 7, 2026